FILED
United States Court of Appeals
Tenth Circuit

May 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HUNTER R. LEVI,

      Petitioner,

v.

THOMAS PEREZ, Secretary,
United States Department of Labor,

      Respondent.

------------------------------

ANHEUSER-BUSCH INBEV NV/SA;
ANHEUSER-BUSCH, LLC,

      Intervenors.

No. 14-9583
(No. LABR-1: 13-047)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Hunter R. Levi, proceeding pro se, filed a complaint alleging that

Anheuser-Busch InBev and Anheuser-Busch LLC violated the Sarbanes-Oxley Act

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(SOX). An Administrative Law Judge (ALJ) dismissed the complaint, and the Administrative Review Board (ARB) affirmed the ALJ's dismissal. Mr. Levi now petitions for review of the ARB's decision. We have jurisdiction to consider the petition for review pursuant to 18 U.S.C. § 1514A(b)(2)(A) and 49 U.S.C. § 42121(b)(4)(A). We deny the petition.

I. Background

Mr. Levi was an employee of Anheuser-Busch, LLC (formerly, Anheuser-Busch, Inc.) for a number of years until he was suspended in February 2003. His suspension was converted to a discharge in March 2003. Mr. Levi's union challenged his termination but an arbitrator upheld the discharge in August 2003. Mr. Levi filed several actions after his termination, alleging that he was discharged in retaliation for engaging in protected activities under SOX. All of the cases were ultimately dismissed.

In May 2011, Mr. Levi requested an estimate of his pension benefits. He disagreed with the estimated pension calculation, and shortly thereafter he filed a complaint with the United States Department of Labor Occupational Safety and Health Administration (OSHA). In his complaint, he alleged that Anheuser-Busch InBev and Anheuser-Busch, LLC violated SOX when they allegedly changed his termination date from August 6, 2003, to March 4, 2003, which purportedly affected his pension calculation. OSHA investigated the complaint.

In August 2012, the Secretary of Labor, acting through the OSHA Regional Administrator, found that there was no reasonable cause to believe that Anheuser-Busch violated the Sarbanes-Oxley Act, and dismissed the complaint. Mr. Levi then filed an objection to the Secretary's decision and requested a hearing before an ALJ.

The ALJ initially set a hearing date for January 2013, but then cancelled and continued the hearing date due to federal budgetary uncertainties. Both Mr. Levi and Anheuser-Busch filed motions for summary decision. The ALJ issued a decision denying Mr. Levi's motion for summary decision, granting Anheuser-Busch's motion, and dismissing the complaint.

Mr. Levi petitioned the ARB to review the ALJ's decision. The ARB affirmed the dismissal of Mr. Levi's complaint. This proceeding followed.

II. Discussion

We review the ARB's decision under the Administrative Procedure Act (APA), 5 U.S.C. § 706. *See Lockheed Martin Corp. v. Admin. Review Bd.*, 717 F.3d 1121, 1128 (10th Cir. 2013). As relevant here, a court may not overturn the agency's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). "Substantial evidence is such relevant evidence a reasonable person would deem adequate to support the ultimate conclusion." *Lockheed Martin Corp.*, 717 F.3d at 1129 (internal quotation marks omitted). "When applying the

substantial-evidence standard, this court reviews the entire record, including the ALJ's recommendation and any evidence contrary to the Board's decision." *Id.* (internal quotation marks and brackets omitted).

The whistleblower provision of SOX provides in relevant part that no covered company "may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee." 18 U.S.C. § 1514A(a). To establish a prima facie claim for a violation of § 1514A, an employee must show: (1) he engaged in protected activity; (2) the employer was aware of such activity; (3) he suffered an adverse personnel action; and (4) the protected activity was a contributing factor in the adverse personnel action. *Lockheed Martin Corp.*, 717 F.3d at 1129.

Mr. Levi argued before the agency that Anheuser-Busch altered his termination date from August 2003 to March 2003 in retaliation for his protected SOX activities thereby reducing his future pension benefits. The ALJ determined, however, that Mr. Levi could not establish a SOX claim because he did not suffer an adverse personnel action.

The record evidence shows that an employee's benefit determination date is the last day of the final month in which contributions are made to the plan on behalf of the participant. The evidence further shows that the last day Mr. Levi worked was February 14, 2003—the date he was suspended—and the last contribution that Anheuser-Busch made on his behalf was in February 2003. His benefit determination

- 4 -

date is therefore February 28, 2003, regardless of whether his effective termination date is March 2003 or August 2003. The amount of an employee's pension benefit is calculated on the number of days actually worked, not the effective date of termination.

Mr. Levi argues that the agency erred in its determination because he was issued a check from Anheuser-Busch on August 14, 2003. Although Anheuser-Busch did issue a check to Mr. Levi in August 2003, it is undisputed that the check was for accrued vacation or sick pay and was not compensation for any hours worked after February 14, 2003.

Mr. Levi also argues that the Secretary erred by not finding Anheuser-Busch in default for not answering his complaint within thirty days. In support of his argument, Mr. Levi relies on 29 C.F.R. § 18.5. That regulation provides that within thirty days after the service of a complaint, the respondent shall file an answer. *Id*. § 18.5(a). If the respondent fails to file an answer, then the ALJ is authorized to enter a decision in the complainant's favor. *Id*. § 18.5(b).

Mr. Levi argued in his motion for summary decision that his September 2012 objection to the dismissal of his complaint and request for a hearing before the ALJ required Anheuser-Busch to file an answer under § 18.5. The ALJ ruled: "Assuming, but not deciding, that section 18.5 applies to a party's request for a de novo hearing before an administrative law judge after receiving the Secretary's Findings denying a SOX complaint, Complainant did not properly serve

- 5 -

Respondent's attorney-of-record. Complainant's motion for summary decision is denied." Admin. R. at 878 n.7 (citation omitted).

The ALJ issued orders on October 3 and 19, both of which informed Mr. Levi that he must serve all pleadings on counsel of record. The October 19 order specified that Joseph J. Torres was Anheuser-Busch's attorney of record. Mr. Levi continued to file pleadings without serving them on Mr. Torres. On January 22, 2013, the ALJ issued another order regarding Mr. Levi's failure to serve counsel of record. The ALJ noted that he had informed Mr. Levi in the October 19 order that all documents must be served on Mr. Torres but that Mr. Levi had subsequently filed at least four documents without serving counsel of record. The ALJ stated that Mr. Levi must resend a copy of all of the prior filings to Mr. Torres and serve all future filings on Mr. Torres or risk being subject to sanctions.

Section 18.5 requires service of a complaint before a respondent must answer. It is undisputed that Mr. Levi did not serve his objection and request for a hearing on Joseph Torres, counsel of record.[1] If the pleading was not properly served on counsel of record, then the obligation to respond was not triggered. Moreover, as the ALJ noted in his decision, it is not clear that § 18.5 applies to the situation here where the pleading at issue was an objection and request for a hearing. In addition, although

[1] Mr. Levi's pleadings indicate that they were sent to Governor James Thompson at the Winston & Strawn law firm. Although Mr. Torres also works at Winston & Strawn, Mr. Levi never included Mr. Torres' name on the pleadings he sent to that firm. As noted above, Mr. Levi was repeatedly informed that Mr. Torres was counsel of record and that the pleadings must be served on him.

§ 18.5 "authorize[s]" the ALJ to find in favor of the complainant for failing to answer, it does not mandate such a result. Under these circumstances, the ALJ did not abuse his discretion in denying the motion for summary decision based on Mr. Levi's request for default under § 18.5.[2]

### III.  Conclusion

Substantial evidence supports the agency's determination that Mr. Levi's "pension benefits were calculated based upon the date of his employment suspension, February 14, 2003, when his pay as an employee ended" and therefore the effective date of his termination is irrelevant.  Admin. R. at 1558.  Because Mr. Levi failed to demonstrate that he suffered an adverse personnel action, the agency concluded he could not maintain a successful SOX claim and properly dismissed his complaint.

The petition for review is denied.  Mr. Levi's "Request for Court Action Under 18 U.S.C. 1514A (SOX)" is also denied.  Mr. Levi's request for leave to proceed without prepayment of costs or fees (IFP) is granted.

Entered for the Court


John C. Porfilio
Circuit Judge

---

[2] The ARB did not reach Mr. Levi's default argument on the merits, deciding instead that this argument was moot after determining that there was no adverse personnel action.  Because we disagree with the ARB that the default argument was moot, we consider the ALJ's ruling on the default issue.